UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>)<br>)<br>ALEHANDROS MEDINA, )<br>Defendant. )<br>) | CRIMINAL ACTION<br>NO. 15-04369-DHH |

**ORDER ON APPEAL**
**December 8, 2015**

**HILLMAN, D.J.**

**Background**

Alehandros Medina has been charged with distribution of cocaine, in violation 21 U.S.C. §841(a)(1), distribution of 3,4-methylenedioxy-methamphetamine (MDMA), in violation of 21 U.S.C. §841(a)(1) and being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The Government moved to detain Medina pursuant to 18 U.S.C. §§3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A) (risk of flight).   Because of the amount of drugs involved, the rebuttable presumption of detention pursuant to 18 U.S.C. §3142(e)(3)(A) applies.

A detention hearing was held on October 26, 2015, and the court (Hennessey, M.J.) found on the record that the Government had established by clear and convincing evidence that Medina is a danger to the community and ordered him held pending trial; the court declined to find that Medina is a risk of flight. Medina has filed an appeal of the order of detention. In support, he argues that his arrest and likely conviction[1] has severely traumatized his family and, in essence, has served as a wake-up call. He would like to be released on conditions so that he may have the opportunity to make amends to his family and to prepare himself, as best he can at this time, to be a productive member of society upon his return to the community after serving his sentence.

## Discussion

### *Medina's History and Characteristics; Proposed Conditions*

Medina is a long term resident of the community and has strong family ties. He suggests that there are a combination of conditions that can be imposed to assure that he would not be a danger to the community, including that: (1) he live with his father in Worcester, Massachusetts with his longtime partner, their son (eight years old), and her son (17 years old) from a prior relationship, (2) his father will serve as third-party custodian, (3) although the Defendant believes an unsecured bond is appropriate, his father is willing to put up equity in his home as collateral, (4) he be subject to electronic monitoring, and (5) he be subject to the various standard conditions of release such as drug testing, reporting to probation, *etc*.

---

[1] This case involved eight controlled buys of MDMA, cocaine and ketamine utilizing an undercover officer; the transactions were video and/or audio recorded. Medina has acknowledged that the Government's case against him is very strong and is likely to result in a guilty plea.

Medina has a prior record which includes adult convictions for assault and battery with a dangerous weapon, carrying a dangerous weapon, resisting arrest, and multiple narcotics distribution convictions (marijuana, ketamine, methylon).  He has numerous defaults on his record.  Additionally, he was charged with operating under the influence and committed the alleged instant offenses (which were audio and/or video taped) while on state court probation for prior drug convictions.

### *Whether Detention Is Warranted*

Medina is charged in this case eight separate drug transactions involving cocaine and/or MDMA.  Additionally, he has been charged with being a felon in possession and was negotiating with the undercover to exchange guns for drugs (he would provide the drugs and receive firearms in return).  A loaded revolver was found in plain sight at his residence when a search warrant was executed after his arrest. These alleged offenses were committed while Medina was on state court probation.  Furthermore, he was arrested and charged for driving under the influence of alcohol while on probation; that charge remains pending. Having reviewed the transcript of the hearing before Judge Hennessey and the exhibits submitted by the Government, I agree that the evidence against Medina can be characterized as very strong.  In a best case scenario (assuming Medina is not found to be a career offender), if found guilty, he is facing a guideline sentence range of 46-57 months (if convicted by way of plea) or 63-78 months (if convicted after trial).

The Court has reviewed the examination of Medina's father at the original detention hearing and I while I find that he would take the position of third-party custodian seriously, I agree with probation that given the nature of the charges, placing Medina in living arrangement

that would include two minor children is not ideal. I also question whether Medina's father would be forthcoming with the probation office should Medina violate any condition, and whether he can be an effective third-party custodian given that he testified he had no knowledge of his son's illegal activities.

This is also a rebuttable presumption case, that is, under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Medina or the safety of the community if he is released.   I find that Medina has failed to produce or proffer any credible evidence on his own behalf to rebut this presumption with regard to the dangerousness factor, and therefore, detention is justified.  *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Vires*, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986).   In any event, given Medina's prior convictions, his continuing to sell drugs and OUI arrest while on probation and the fact that a loaded firearm was found in his apartment in plain sight during a post-arrest search, I find by clear and convincing evidence that Medina is a danger to the community and that there are no conditions or combination of conditions that would assure the safety of another person or the community if he were released.   Despite Medina's history of defaults, I do not find that he is a risk of flight and decline to detain him on that ground.

## Conclusion

Defendant's Appeal Of Order Of Detention is (Docket No. 11) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**