UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>           Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>ALEHANDROS MEDINA,  )<br>           Defendant.  )<br>  ) | CRIMINAL ACTION<br>NO.  4:16-cr-40006-TSH |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**
**(Docket No. 83)**

**June 8, 2021**

**HILLMAN, D.J.,**

Alehandros Medina ("Mr. Medina" or "Defendant") pled guilty to three counts of Distribution of Cocaine, one count of Distribution of MDMA, two counts of Distribution of Methylone, two counts of Distribution of Ketamine, and one count of Possession with Intent to Distribute Cocaine, all in violation of 21 U.S.C. § 841(a)(1); one count of Felon In Possession of a Firearm in violation of 18 U.S.C. § 922(g); and one count of Attempted Money Laundering in violation of U.S.C. § 1956 (a)(1)(A)(i).  On March 28, 2017, I sentenced Mr. Medina to 60 months of imprisonment followed by 3 years of supervised release.  Mr. Medina's supervised release began on October 23, 2020.

On February 17, 2021, Massachusetts State Police executing a search warrant at Mr. Medina's apartment discovered fentanyl, marijuana, and digital scales.  In addition to the state drug charges stemming from that search, I issued a federal warrant for violation of the terms of Medina's supervised release.  Mr. Medina admitted to the violation and was sentenced to 12 months of imprisonment followed by 24 months of supervised release on March 3, 2021.  He

1

filed this Motion for Compassionate Release pursuant to 18 U.S.C. §3582 through counsel on May 17, 2021, asking to be released from FCI Ray Brook to serve the remainder of his sentence in home confinement due to the risk posed by COVID-19.  (Docket No. 83 at 1, 7).

For the reasons set forth below, the motion is **_denied without prejudice_** to renew upon a change in circumstances, a change in Mr. Medina's health or circumstances, a change at FCI Ray Brook, or as new information about COVID-19 becomes available.

## Discussion

Section 3582(c) begins with the general principle that "a court may not modify a term of imprisonment once it has been imposed . . ."  Upon motion of the Director of the Bureau of Prisons ("BOP") or a defendant,[1] however, a court "may reduce the term of imprisonment (and may impose a term of probation and supervised release with or without conditions that does not exceed the unserved portion of the original terms of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable,[2] if it finds that ". . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).

Although the Commission has not released an updated policy statement addressing when compelling and extraordinary reasons exist for sentence reduction in the context of the COVID-19 pandemic, federal courts have used its most recent November 2018 policy statement as

---

[1] The Defendant must first exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A)(i).

[2] The § 3553(a) factors include: (1) the need for the sentence imposed to, among other factors, reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established by the applicable category of offense and defendant; (4) any pertinent policy statement guidelines issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

guidance. Under that guidance as it pertains to a defendant's medical condition, compelling and extraordinary circumstances exist when the defendant is suffering from a terminal illness or is: "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13.

Upon consideration of the current state of the pandemic together with an assessment of relevant factors as they pertain to Mr. Medina, including (1) whether the defendant has any health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where the defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of the defendant's remaining sentence, I am not convinced that he has met the burden necessary to secure a compassionate release.

As a threshold issue, Mr. Medina submitted compassionate release requests to the wardens at Donald W. Wyatt Detention Facility and USP Lewisburg, both of which were denied. (Docket No. 83 at 4). As he has exhausted his administrative remedies, the Court has authority to act on his motion. (*See id.*).

The Defendant's asthma alone is insufficient to warrant compelling and extraordinary circumstances.[3] Mr. Medina is 29 years old; his October 2020 BOP prisoner transit form lists a

---

[3] One, or even two, mild medical conditions are generally insufficient to constitute compelling and extraordinary circumstances in Massachusetts. *See United States v. Garcia*, 2021 WL1890290 *3 (D. Mass. May 11, 2021) (denying motion to dismiss because asthma was mild and defendant was only overweight, not obese); *see also United States v. Reynoso*, 2021 WL 950081 *2 (D. Mass. Mar. 12, 2021) (holding that obesity accompanied with other medical

history of asthma, but no asthma medication. (BOP Medical Records, Docket No. 83-1 at 5). I do not find that Mr. Medina's asthma is a compelling reason to reduce the remaining nine months of his sentence to home confinement. According to the CDC, moderate to severe asthma is a risk factor for the potential development of severe illness as a result of COVID-19. CDC, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, available at https://bit.ly/3fOj7et (last visited June 8, 2021). There is no evidence in the medical records provided or in the Presentence Investigation Report about the severity of Mr. Medina's asthma. (BOP Medical Records, Docket No. 83-1 at 5; PSR ¶ 82). Many courts have distinguished between petitioners with mild or moderate asthma and severe asthma when deciding if the condition constitutes a compelling and extraordinary circumstances. *See United States v. Garcia*, 2021 WL 1890290 *2 (D. Mass. May 11, 2021); *see also United States v. Person*, 2021 WL 24571 at *2-3 (D. Mass. Jan. 4, 2021) (denying motion for compassionate release because asthma was only mild); *United States v. Bozochovic*, 2021 WL 76153 *2-3 (M.D. Pa. Jan. 8, 2021) (denying motion for compassionate release due to the lack of severity of asthma). The Defendant cites a number of cases where asthmatic inmates were granted compassionate release. (Docket No. 83 at 5). Not only are all of the cases cited from other districts, but all are from 2020, when the COVID-19 pandemic was at its height and no life-saving vaccines were available. (*See id.*). COVID-19 cases and deaths in the United States and Massachusetts are now dropping precipitously, primarily due to those life-saving vaccines. *See Coronavirus in the U.S.: The Latest Map and Case Count,* THE NEW YORK

---

conditions did not constitute extraordinary circumstances for purposes of compassionate release where petitioner was 29 years old and had not shown health conditions substantially diminished ability to care for himself).

TIMES, https://www.nytimes.com/interactive/2021/us/covid-cases.html (last visited June 8, 2021) (reporting that new infections are at their lowest point since the beginning of the pandemic).

Mr. Medina's argument is further undercut by his denial of the Moderna COVID-19 vaccine and the current conditions at FCI Ray Brook.[4]  (BOP Medical Records, Docket No. 84-1 at 1-2).  Absent explanation, the refusal calls into question whether he believes he is at high risk of contracting COVID-19 or that it is impossible for him to protect himself from exposure.[5] (Docket No. 83 at 6).  Additionally, there are presently zero cases of COVID-19 at FCI Ray Brook and over 50% of the inmate population has been vaccinated, which suggests a low risk of exposure to the virus.  BOP, COVID-19: COVID-19 CASES, available at https://www.bop.gov/coronavirus/ (last visited June 8, 2021).

Section 3582 also requires me to consider the nature of Mr. Medina's offense and the length of his remaining sentence.  Even if I were to find that the threat of COVID-19 constituted compelling and extraordinary circumstances, the nature of Mr. Medina's drug and firearm offenses, the violation of his supervised release, and the amount of his remaining sentence weigh against early release.  To date, he has approximately 9 months, or about 75%, remaining on this

---

[4] CDC research indicates that the Moderna vaccine is more than 90% effective at preventing infection fourteen days after the second dose is administered. CDC, MODERNA COVID-19 VACCINE OVERVIEW AND SAFETY, available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (updated on May 27, 2021).

[5] A growing number of courts have rejected compassionate release motions predicated on COVID-19 from petitioners who have refused to be vaccinated without some medical reason. *United States v. Bautista*, 2021 LEXIS 66405 at *12 (E.D. Pa. Apr. 6, 2021) ("denial of the COVID-19 vaccine further weighs against finding an extraordinary and compelling reason for release"); *United States v. Pruitt*, 2021 LEXIS 63742 at *6 (N.D. Tex. Apr. 1, 2021) (agreeing with Government that defendant may not refuse the vaccine and validly argue for compassionate release); *United States v. Jackson*, 2021 LEXIS 39807 at *4 (D. Minn. Mar. 3, 2021) ("While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk").

sentence, which is his second drug-related sentence. While on supervised release for a prior drug offense, Mr. Medina was the target of a Massachusetts State Police search warrant where the defendant was found in possession of what appeared to be MDMA, Oxycodone, Fentanyl, marijuana, and $1,700. (Docket Nos. 71 at 1-3; 84 at 6). The Government posits that this demonstrates a propensity to re-engage in drug distribution if he is released, and I agree. (Docket No. 84 at 6).

The §3553(a) sentencing factors also weigh against Mr. Medina's early release. As the Presentence Investigation Report details, Mr. Medina is a serious offender who already received a lenient sentence—the Sentencing Guidelines range for his 2017 drug conviction fell between 151 and 188 months. (PSR ¶¶ 39, 101). I sentenced Mr. Medina to only 60 months with 3 years supervised release. Mr. Medina's supervised release was initially scheduled to begin in June 2020, but he absconded from Coolidge House one month early, causing the BOP to delay his release until October 2020. (Docket No. 84 at 3). Given that his initial sentence was well below guidance, his pre-release abscondence, and his multiple supervised release violations,[6] the sentencing factors further weigh against converting Defendant's remaining sentence to home confinement.

I have considered Mr. Medina's plan to become a role model for his children and stepchildren, as well as his commendable desire to enroll in psychology classes and drug treatment programs. However, given his refusal to be vaccinated, the dearth of information about his medical condition, circumstances at FCI Ray Brook, the nature of his repeat offenses, the violation of his supervised release conditions, and the length of his remaining sentence, he

---

[6] In addition to the new state drug charges, Mr. Medina also admitted that he had failed to secure any type of employment, as required by the terms of his supervised release. (Docket No. 79).

has failed to demonstrate the necessary compelling and extraordinary circumstances to justify his early release.

The motion is ***denied without prejudice***.  Mr. Medina may renew his motion upon a change in circumstances at FCI Ray Brook, a change in health or circumstances, or as new information about COVID-19 and asthma become available.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**Timothy S. Hillman**
**DISTRICT JUDGE**